### UNITED STATES v. 64.02 TROY OUNCES (GROSS WEIGHT) OF UNMELTED AND MELTED SCRAP GOLD (SUDEROV, Claimant).

#### No. C–3105.

District Court, E. D. New York.

Nov. 15, 1934.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Emanuel Bublick, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for libelant.

Herman J. Rubenstein, of New York City, for claimant.

GALSTON, District Judge.

The government by its libel seeks forfeiture of 64.02 troy ounces of unmelted and melted scrap gold tendered at the United States Assay Office by one Max Suderov on or about April 12, 1934 for sale to the government.

On January 25, 1934, on Form TGL–4A, a license was issued to Suderov under authority of the Executive Orders of August 28 and 29, 1933, and the Regulations issued thereunder, to permit him to acquire and hold in stock unmelted scrap gold not exceeding at any one time twenty-five troy ounces of fine gold for the legitimate and customary requirements of the industry, profession, or art in which he was engaged, "or for sale in unmelted form to persons licensed on Form TGL–4 or Form TGL–4A, to acquire such unmelted scrap gold."

The license further authorized Suderov to acquire only dental scrap, broken-up jewelry, watch cases, optical frames, and the like. It contained also the following passage: "This license does not authorize you to acquire or hold any gold coin, or to acquire or dispose of any scrap or other gold which has been melted together. Persons holding licenses on Form TGL–4 are authorized to acquire from you only unmelted scrap gold."

Under the Provisional Regulations of the Secretary of the Treasury issued under and pursuant to the Gold Reserve Act of 1934 (31 USCA §§ 315b, 408a, 408b, 440–446, 821, 822a), licenses issued by the United States Mints and Assay Offices on Form TGL–4 and TGL–4A were deemed licenses under section 23 of the Provisional Regulations, and authorized such licensees to acquire unmelted scrap gold from sources specified in the license; and to hold and transport unmelted scrap gold then held by them and thereafter acquired as provided in said license.

Pursuant to section 12 of the Regulations of the Secretary of the Treasury, licensees were permitted to acquire, transport, melt, or treat gold only to the extent permitted by and subject to the conditions described in the regulations or in the licenses issued pursuant to those regulations.

It is the claim of the government that of the 64.02 troy ounces of gold tendered by Suderov for sale to the government, part thereof consisted of gold melted by him in violation of the Gold Reserve Act of 1934 and the Provisional Regulations issued by the Secretary of the Treasury under said act, and also in violation of the license issued to Suderov.

The proof showed that such part of the gold tendered at the Assay Office, which was segregated at the trial as Government's Ex-

hibit 1–A, is unmelted scrap gold and was lawfully held by Suderov. Accordingly the libel as to such gold was dismissed.

As to the rest of the seizure, Suderov testified that he had purchased some fine gold from one Katz, consisting of seven ounces, three and a half pwt.; that he turned this gold over to Dauber, a former employee, for the purpose of enabling Dauber to experiment with a process of casting gold in sand molds. He was seeking a cheaper method than the die-casting process of the art. The result of these experiments was unsuccessful, and the various specimens of gold employed constitute Exhibit 1–B. There is nothing in the license to Suderov which permitted him to do any experimental work.

Some of the exhibits certainly look like gold coin, such as a $20 gold piece. It is apparent both from the appearance of the articles constituting the exhibit, as well as from the testimony of Suderov and Dauber, and Suderov's admissions to Government Agent Callahan, that Suderov undertook to fuse some scrap gold that he had on hand with the fine gold that he bought from Katz. This was not contemplated either by the express terms of his license or by any necessary implications thereof.

The government may have forfeiture in accordance with the foregoing opinion.